```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JACOB APELBAUM,
```

                                    Plaintiff,                                  **ORDER**
                                                                                         CV 08-3186 (TCP)(ARL)

      -against-

FIRST DATA CORPORATION,

                                    Defendant.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendant's letter application seeking to compel Paul Gianelli, Esq. to appear for a deposition. The plaintiff opposes the motion on the basis of the attorney-client privilege and cross moves to stay the matter or, alternatively, for additional time to complete discovery. The defendant opposes the plaintiff's cross motion. For the reasons set forth below, the defendant's motion is denied and the plaintiff's motion is granted, in part.

      The plaintiff, Jacob Apelbaum ("Apelbaum"), commenced this action on July 16, 2008 in the Suffolk County Supreme Court, alleging that the defendant First Data violated his civil rights by providing false information to the Secret Service, which resulted in the issuance of a search warrant and the seizure of his computer equipment. Apelbaum also alleges that his computer equipment was badly damaged as a result of First Data's request to the Secret Service that his personal data be erased. Shortly after the case was removed to this court, the plaintiff's first attorney, Scott Fine, sought to be relieved as counsel. Mr. Fine's motion was granted in October 2009 and the plaintiff was given until November 30, 2009 to obtain new counsel. Notwithstanding the court's deadline for doing so, the plaintiff waited until January to advise the court that he intended to proceed pro se, but two weeks later he retained his current counsel.

      Since that time there have been several discovery motions filed by the parties and the deadlines for discovery were extended to October 1, 2010, due to a personal situation facing the associate that had been assigned to the plaintiff's case. The issue that is the subject of the defendant's instant application arose during the plaintiff's continued deposition on August 24, 2010. When asked what evidence he had that personal data was removed from his computer by the Secret Service, the plaintiff responded that Agent Fontana had advised his attorney, Mr. Gianelli, that they were going to forensically erase his hard drives because the Secret Service feared that his hard drives contained sensitive information even though they couldn't find it. The plaintiff also testified that his attorney advised him that Agent Fontana also reported that the hard drives were being erased on behalf of First Data who was concerned that the hard drives contained corporate information. The parties deposed Agent Fontana who testified that First Data did not damage any of the plaintiff equipment while it was in the Secret Service's possession nor did the Secret Service received a request from the defendant to do so.

      The court agrees that Mr. Gianelli's conversations with Agent Fontana are not protected by the attorney-client privilege in that they were not gathered for the purpose of providing legal advice. However, First Data has not established the need for counsel's deposition given the fact that it has obtained the information needed directly from Agent Fontana and the court presumes

from the plaintiff's opposition that he does not intend to call Mr. Gianelli at trial. Accordingly, the defendant has not overcome the presumption disfavoring attorney depositions. *See Alcon Labs., Inc. v. Pharmacia Corp.,* 225 F. Supp. 2d 340, 342 (S.D.N.Y. 2002)("[t]he presumption is based on a recognition that even a deposition of counsel limited to relevant and nonprivileged information risks disrupting the attorney-client relationship and impeding the litigation"). The motion is, therefore, denied subject to the plaintiff's agreement not to call Mr. Gianelli at trial.

Finally, the plaintiff's request to have the case stayed pending resolution of his state court criminal appeal is denied. The court agrees that the issue of whether the Secret Service had probable cause to search the plaintiff's home is unrelated to the plaintiff's allegations against First Data. However, it is clear from the parties' submissions that discovery is not complete. Preferring to have cases decided on the merits, the court will extend the discovery deadlines on final time to November 19, 2010, but only for the purpose of completing outstanding discovery. Neither party may serve new requests at this time. Any party planning on making a dispositive motion shall take the first step in the motion process by December 3, 2010. The final conference scheduled for October 28, 2010 is adjourned to December 16, 2010 at 11:30 a.m. The parties are directed to electronically file the proposed joint pretrial order prior to the final conference.

Dated: Central Islip, New York **SO ORDERED:**
      October 19, 2010

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

2